STEPHEN COLLINS, plaintiff in error, *vs.* GRANTHAM J. TAGGART, defendant in error.

If the debtor, recently after conveying to the claimant absolutely, is in posses-
sion of the premises, and so continues until the levy is made, his possession,
in the absence of evidence to show when or how it commenced, may be
presumed to have existed at the date of the conveyance; and such con-
tinuous possession, unexplained, is a badge of fraud.

Levy and sale.    Title.    Presumption.    Fraud.    Before Judge TOMPKINS.    Bibb Superior Court.    October Adjourned Term, 1875.

A *fi. fa.* in favor of Taggart against one Cherry, dated November 30th, 1874, was levied on certain property in the city of Macon, and Collins interposed claim.

On the trial, the evidence for plaintiff made, in brief, the following case:

The *fi. fa.* was levied on the property in dispute March 8th, 1875.    At the time of the levy, and for some months prior thereto, defendant in *fi. fa.* was in possession of the property.    In 1874 and 1875 he was conducting an auction business on the premises, and so continued to the time of the trial.

Claimant introduced a deed from Cherry to him, dated February 25th, 1874, recorded February 9th, 1875, wherein

said Cherry, in consideration of $10,000 00 "in hand paid," conveyed to claimant a lot of land including that now in dispute.

The jury found the property subject. Claimant moved for a new trial on the following, among other grounds:

1st. Because the court gave the following in charge: "Proof of the execution, the levy under it, and that the defendant was in possession of the property levied on at the date of the levy, makes out a *prima facie* case for the plaintiff."

2d. Because the court charged as follows: "You will also look to the evidence to see if there are any badges of fraud, or circumstances going to show that the deed from Cherry to Collins is not valid and *bona fide*," reading to the jury in this connection sections 1952 and 2751 of the Code, but failing to explain what is meant by "badges of fraud," or under what circumstances possession is a badge of fraud.

The motion was overruled, and claimant excepted.

LANIER & ANDERSON, HILL & HARRIS, for plaintiff in error.

R. F. LYON, for defendant.

BLECKLEY, Judge.

The debtor, before judgment went against him, made a deed, conveying certain property to the claimant. The evidence does not disclose, in any direct way, who was then in possession, or whether the possession was delivered to the claimant or not. Not long after the conveyance was executed, the debtor was in possession, and he so remained until the property was levied upon. As it is not shown that this possession commenced after he conveyed to the claimant, the fair presumption is that it existed at that time. He was then the owner, and where no adverse holding appears, the general presumption is, that the true owner has possession of his property: 7 *Georgia Reports*, 387; 20 *Ibid.*, 312, 681. He was

afterwards found in actual possession, and was in at the time of the levy. The evidence gives no intimation that he had gone out and returned. The possession proved is, therefore, to be taken as a continuation of the same possession which existed at the time of the conveyance. There is no explanation of this continued possession, and that being so, it is a badge of fraud; 2 *Kelly*, 1; 6 *Georgia Reports*, 103, 365; 10 *Ibid.*, 242; 20 *Ibid.*, 429, 600.

Judgment affirmed.